# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **2:04-CR-135-JHH-TMP** |
| **ALFRED ALLEN THORNTON, JR. )** | | |

## MEMORANDUM OF OPINION REGARDING ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE

The movant, Alfred Allen Thornton, Jr., acting *pro se*, filed the above-styled motion, (doc. #24) on March 6,  2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 (c)(2), effective  November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008.  The court finds by separate order that the motion for reduction of sentence should be **GRANTED**.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21

statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.  The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #24) of Alfred Allen Thornton, Jr. to modify his term of imprisonment under 18

---

[1]  At this point, the crack amendment had no retroactive application.

U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 135-months sentences imposed to run concurrently under Counts 1, 2, 3 and 4.[2]

The following chart sets forth the application of the crack amendment to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | **31** | **29** |
| **Criminal History Category** | **III** | **III** |
| **Imprisonment Range** | **135 - 168 months** | **120 (stat. min) - 135 months** |
| **Projected Release Date** | **7/10/2014** | |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

---

[2]  All four counts charged him with distribution of cocaine base, Counts 1 and 2 charging an amount of 5 grams or more and Counts 3 and 4 charging an amount of 50 grams or more. Defendant entered a plea of guilty to these charges.  The amount of crack totaled 191.5 grams.

1.      the movant was originally sentenced to 135 months, which was  the

bottom of the correctly-computed guidelines range;

2.      as computed in accordance with the amended guideline, the bottom

of the range is the statutory minimum sentence of 120 months; and,

3.      Movant's criminal history as reflected in the presentence report,

and custodial behavior do not indicate that there are public safety issues

raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is

eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. §

3582(c)(2) and concludes that the crack amendment applies to the circumstances

of the movant.  Furthermore, this court concludes that the movant would have

been sentenced at the low end of the offense level had the crack amendment

been in effect at that time.

Therefore, in light of these considerations and after considering the

factors set forth in 18 U.S.C. § 3553(a), this court hereby finds that the

concurrent sentences should be reduced to the statutory minimum term of **120

months**. In so doing, the court finds that the movant has not overserved the

original sentence, and, thereby, specifically retains all options for re-sentencing

the movant in the future event that he appear before this court pursuant to a

petition for revocation of supervised release.  The 60-months supervised release

term imposed at sentencing begins immediately upon movant's release from custody.

A separate order will be entered.   Movant's attention is directed to the 'Notice Concerning Appeals" set out below.


## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R.App. P.* 4(b)(1)(A)(i).  If defendant was represented by appointed counsel at trial or on appeal, defendant is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If defendant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, defendant should file an application  to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the denial of the § 3582(c)(2)

motion.  The Clerk is DIRECTED to provide defendant with an application to proceed *in forma pauperis* form.

   **DONE** this the ___24th___ day of September, 2008.

_____
   SENIOR UNITED STATES DISTRICT JUDGE